Filed 8/1/14  P. v. Thornton CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM THORNTON,<br><br>    Defendant and Appellant. | D065230<br><br><br>(Super. Ct. No. PLV64547) |

APPEAL from a judgment of the Superior Court of San Diego County, Desiree Bruce-Lyle, Judge.  Affirmed.

Beatrice C. Tillman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

As of August 29, 2013, William Thornton was on parole for second degree robbery.  Parole authorities filed a petition in the superior court to revoke parole pursuant to Penal Code section 3000.01.  The petition alleged various violations including possession of a methamphetamine pipe and burglary tools.  Thornton waived hearing on

the petition and admitted the violation. The court revoked and reinstated parole subject to 39 days custody with credit for 39 days served. The court also imposed a requirement that he complete an outpatient treatment program and BI program.

In October 2013, Thornton was arrested for failing to register as a sex offender, failure to complete his programs and possession of pornographic material.

Thornton requested and received a hearing on the parole revocation petition. He represented himself at that hearing. Thornton filed a number of motions all of which were denied, including a motion to dismiss the petition.

Follow an evidentiary hearing the court revoked and reinstated parole on the original terms and conditions and imposed 135 days custody with credit for 108 days.

Thornton filed a petition for rehearing, which was denied. He thereafter filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant *to People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) indicating counsel has not been able to find an arguable issue for reversal on appeal. Counsel requests this court to review the record for error. We offered Thornton the opportunity to file his own brief on appeal, and he has responded. We will address the issues raised by Thornton below.

## STATEMENT OF FACTS

State parole agent Mike Shanahan testified that Thornton was on parole as a convicted sex offender. Thornton was required to wear a CPS device and to register

2

pursuant to Penal Code section 290. He was also ordered not to possess pornographic material.

Thornton was required to update his registration by no later than October 3, 2013, however he failed to do so. Thornton was arrested on October 17, 2013. As of that point Thornton had failed to complete the required programs. At the time of his arrest he had three pictures of a nude female on his cell phone.

Thornton testified he had gone to the El Cajon Police Department on October 3, 2013, but was told to come back on October 8. Thornton said that when he was arrested he was on his way to the Sheriff's Department in order to register.

DISCUSSION

As we have previously noted, appellate counsel has filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436, indicating she is unable to find any arguable issues for reversal on appeal. Pursuant to *Anders, supra*, 386 U.S. 738, counsel has identified the following possible, but not arguable issues:

1. Whether the trial court erred in denying Thornton's motion to dismiss the petition as being untimely.

2. Whether the evidence was sufficient to prove Thornton failed to register, possessed prohibited material on his cell phone, and failed to attend required programs.

As we have noted, Thornton has filed his own brief on appeal. His brief is somewhat rambling, but we can discern a few issues that we should identify.

First, Thornton contends the requirement that he register under Penal Code section 290 deprives him of several constitutional rights. The difficulty with this contention is

3

that it is addressed to a requirement imposed in the underlying criminal case, and it is not an issue which can be raised in an appeal from a later parole revocation.

Next Thornton complains he was not properly identified by the parole agent in court. He has included his own drawing of the courtroom to illustrate his point. This issue was not raised in the trial court.

Thornton next makes a generalized complaint about access to the jail law library and contends the court was wrong when it told him he would not get special treatment because he represented himself. He argues that he should be held to a lower requirement than would be the case for an attorney. Again, these are issues without any basis in the record.

Finally, Thornton argues the petition filed by the parole agent was false and that another agent perjured herself. These issues are not based on the record on appeal.

In sum, Thornton has not raised any arguable issues for reversal on appeal.

Pursuant to *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738 we have reviewed the entire record and have not discovered any arguable issues for reversal on appeal. Thornton has been represented by competent counsel on this appeal.

DISPOSITION

The order revoking and reinstating parole is affirmed.


                                                                    HUFFMAN, J.

WE CONCUR:


    BENKE, Acting P. J.


    McDONALD, J.

5